UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GLEN E. OSBORNE,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-226

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE AND AFFIRMED; AND (2) THIS CASE BE CLOSED ON THE COURT'S DOCKET**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 10), Plaintiff's reply (doc. 11), the administrative record (docs. 7, 9),[2] and the record as a whole.

**I.**

**A.    Procedural History**

Plaintiff filed an application for SSI on September 9, 2013 (PageID 282-87) alleging disability as a result of a number of alleged impairments including, *inter alia*, atrial fibrillation, chronic obstructive pulmonary disease ("COPD"), bursitis, bipolar disorder, and anxiety. PageID 1535.

After an initial denial of his application, Plaintiff received a hearing before Administrative Law Judge ("ALJ") Mark Hockensmith on September 23, 2015. PageID 130-68.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

The ALJ issued a decision on November 27, 2015 finding Plaintiff not disabled. PageID 1533-48. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 1538-48.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 86-89. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

B.  **Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 1533-48), Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 10), and Plaintiff's reply (doc. 11). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

**II.**

A.  **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

---

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id*. § 416.967(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*. § 416.967(a).

2

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's

3

> Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;
>
> 4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and
>
> 5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff argues that the ALJ erred by: (1) improperly weighing medical opinion evidence (namely, treating cardiologist Salim Dahdah, M.D. and record reviewing physicians Diane Manos, M.D. and Steve E. McKee, M.D.); (2) improperly assessing his RFC; and (3) improperly accounting for his non-severe impairments. Doc. 8 PageID 1490-1500.

Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered the medical evidence at issue; properly weighed opinion evidence based upon reasons supported by substantial evidence; reasonably assessed Plaintiff's credibility; accurately determined Plaintiff's RFC; reasonably applied applicable Social Security Rulings; and appropriately concluded that Plaintiff can perform a significant number of jobs in the national economy. As more fully explained herein, the undersigned finds that the ALJ's non-disability finding should be affirmed.

## A. Medical Opinion Evidence

With regard to the weighing of opinion evidence, until March 27, 2017, "the Commissioner's regulations [which apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations then in effect, which control here, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 416.927(c).[4]

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 416.927. *Id*.

5

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 416.927(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Plaintiff argues that the ALJ erred in assessing the opinions of his treating cardiologist, Dr. Dahdah. The record in this case contains three opinions from Dr. Dahdah. On February 4, 2014, Dr. Dahdah opined that Plaintiff needed his wife to be with him 24 hours a day due to his seizure disorder. PageID 823. The ALJ assigned Dr. Dahdah's first opinion "little weight." PageID 1545. On August 14, 2014, Dr. Dahdah opined that Plaintiff "is unable to work indefinitely due to his heart condition." PageID 901. The ALJ assigned Dr. Dahdah's second opinion "no weight." PageID 1545. On October 14, 2014, Dr. Dahdah opined that Plaintiff

> could only occasionally lift up to five pounds; could rarely lift up to 20 pounds; could occasionally reach and frequently handle and finger with the bilateral upper extremities; was capable standing/walking for up to 10 minutes at one time; was capable standing/walking for up to one and a half hours; could sit for up to seven hours during a normal eight-hour workday and up to one hour at a time; could occasionally bend, squat, crawl, climb steps and climb ladders; was likely to have partial or full day unscheduled absences from work occurring 5 or more days per month.

PageID 905-7. The ALJ assigned Dr. Dahdah's third opinion "moderate weight." PageID 1545.

6

With regard to Dr. Dahdah's first and second opinions, the ALJ properly weighed and provided a meaningful explanation for not relying on them. PageID 1544-45. As noted above, Dr. Dahdah concluded that Plaintiff was "unable to work indefinitely." PageID 901. A medical source's opinion that a claimant is disabled and unable to work -- including the opinion of a treating medical source such as Dr. Dahdah -- is an issue "reserved to the Commissioner" and not entitled to "any special significance." 20 C.F.R. § 416.927(d)(1).

While such an opinion must be considered, *see* SSR 96-5p, 1996 WL 374183, at *2-3 (1996), the ALJ did so in this case. *See* PageID 1545. Thus, the ALJ followed the controlling regulations in considering Dr. Dahdah's February 2014 and August 2014 opinions, and his conclusions concerning such opinions are supported by substantial evidence.

The ALJ's lengthy, detailed opinion -- read as a whole -- adequately sets forth good reasons as to why the third opinion of Dr. Dahdah is not entitled to controlling or deferential weight and reasonably assigned the opinion "moderate weight." PageID 1544-45.

The record also contains opinions from record reviewing physicians Dr. Manos and McKee. PageID 200-11, 213-25. Dr. Manos opined that Plaintiff is capable of performing light work with occasional performance of postural activities; needs to avoid concentrated exposure to pulmonary irritants; and must avoid all exposure to hazards and commercial driving. PageID 220-23. The ALJ assigned Dr. Manos's opinion "moderate weight." PageID 1544. Dr. McKee that opined Plaintiff is capable of performing light work with occasional climbing of ramps or stairs, kneeling, crouching or crawling; no climbing of ladders, ropes or scaffolds; needs to avoid concentrated exposure to pulmonary irritants; and must avoid all exposure to hazards and commercial driving. The ALJ assigned Dr. McKee's opinion "more weight" than Dr. Manos's opinion because Dr. McKee's opinion "was provided after placement of [Plaintiff's] pacemaker." PageID 1544. The ALJ's opinion -- read as a whole -- adequately sets forth good reasons as to why the opinions of Drs. Manos and McKee were entitled to moderate weight.

PageID 1544. Accordingly, the undersigned finds the ALJ's analysis of these opinions supported by substantial evidence.

Based upon the foregoing, the undersigned finds the ALJ's assessment of all medical source opinions supported by substantial evidence. As a result, the undersigned finds the Plaintiff's error in this regard is without merit.

### B. RFC

Plaintiff next alleges the ALJ failed to properly assess his RFC. PageID 1495-98. The Social Security regulations vest the ALJ with "responsibility for reviewing the evidence and making findings of fact and conclusions of law." 20 C.F.R. § 416.927(e)(2). "Physicians render opinions on a claimant's RFC, but the ultimate responsibility for determining a claimant's capacity to work lies with the Commissioner." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010); *see also* 20 C.F.R. § 416.946(c). The ALJ is responsible for assessing a claimant's RFC based on all of the relevant medical and other evidence. 20 C.F.R. § 416.945(a)(3). An ALJ is not required to adopt precise limitations offered by a single medical source in assessing a claimant's RFC. *Id.*

Here, the ALJ reasonably determined Plaintiff's RFC based on the objective medical evidence. PageID 1538-46. The ALJ did not "substitute his own judgment for a doctor's conclusion without relying on other medical evidence or authority in the record." *Mason v. Comm'r of Soc. Sec.*, No. 1:07-cv-51, 2008 WL 1733181, at *13 (S.D. Ohio Apr. 14, 2008). Rather, as explained above, the ALJ thoroughly reviewed the medical record and the medical opinions from all physicians of record. PageID 1538-46. Accordingly, the undersigned finds Plaintiff's second assignment of error is without merit.

### C. Non-severe Impairments

Contrary to Plaintiff's last argument, the ALJ reasonably accounted for Plaintiff's carpal tunnel syndrome and seizures in his assessment of Plaintiff's RFC. PageID 1536-48. The ALJ

found Plaintiff's seizure disorder and carpal tunnel syndrome to be non-severe impairments. PageID 1536. The undersigned finds that the ALJ included limitations in his RFC that reasonably account for Plaintiff's combination of physical and mental impairments, including his carpal tunnel syndrome and seizures. PageID 1510-18. Although the RFC selected by the ALJ might not be the same RFC that Plaintiff would have selected, the ALJ clearly explained his rationale based upon objective evidence in the record, and the RFC he determined is reasonably within the permissible "zone of choice" that the Sixth Circuit discussed in *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

Based upon the foregoing, the undersigned finds the ALJ's assessment of Plaintiff's RFC supported by substantial evidence.

### IV.

For the foregoing reasons, the Court finds Plaintiff's assignments of error unmeritorious. **IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and (2) this case be **CLOSED**.

Date: January 17, 2018            s/ Michael J. Newman  
                                                                    Michael J. Newman  
                                                                      United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).