IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GLENN E. OSBORNE,

    Plaintiff,

vs.

NANCY A. BERRYHILL,

Acting Commissioner of the
Social Security Administration,

    Defendant.

: Case No. 3:16-cv-226

: JUDGE WALTER H. RICE

: MAGISTRATE JUDGE
: MICHAEL J. NEWMAN

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #12); OBJECTIONS OF PLAINTIFF, GLENN E. OSBORNE, TO SAID JUDICIAL FILING (DOC. #13) ARE OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, AND AGAINST PLAINTIFF, AFFIRMING THE DEFENDANT COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY

---

Plaintiff Glenn E. Osborne ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On January 17, 2018, Magistrate Judge Michael J. Newman filed a Report and Recommendations, Doc. #12, recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be affirmed.

Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations, Doc. #12, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #7, 9, and a thorough review of the applicable law, this Court ADOPTS the Report and Recommendations and OVERRULES Plaintiff's Objections, Doc. #13, to said judicial filing. The Court, in so doing, orders the entry of judgment in favor of the Commissioner and against Plaintiff, affirming the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than

2

a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. In his decision, Mark Hockensmith, the Commissioner's Administrative Law Judge ("ALJ"), expressly reviewed and assigned weight to three opinions proffered by Salim O. Dahdah, M.D., Plaintiff's treating cardiologist. ALJ Hockensmith assigned "little weight," rather than "controlling or deferential weight," to Dr. Dahdah's February 4, 2014, opinion, in which he "reported that the claimant's wife had to be with him [twenty-four] hours per day because of his seizure disorder. Further, despite implantation of a pacemaker, Dr. Dahdah noted that [Plaintiff] continued . . . to have seizures." Doc. #9, PAGEID #1544 (citing Doc. #7-8, PAGEID #823). In discounting the opinion, ALJ Hockensmith concluded that it was "not fully supported by the record. The evidence contains limited documentation of a seizure disorder. . . . There is no significant evidence[,] nor did the claimant report[,] that he required [twenty-four] hour supervision." *Id*. ALJ Hockensmith gave no weight to Dr. Dahdah's August 14, 2014, opinion that Plaintiff "was unable to work, indefinitely, due to his heart condition." *Id*., PAGEID #1545 (citing Doc. #7-8, PAGEID #901). ALJ Hockensmith provided two reasons for assigning no weight: (1) Dr. Dahdah opined on whether Plaintiff is disabled, a finding reserved exclusively to the Commissioner; and (2) his "assessment is simply not consistent with the claimant's treatment records, which generally show that he did well following the insertion of his pacemaker, with just occasional palpitations and chest pain." *Id*. Finally, as to Dr. Dahdah's October 13, 2014, functional assessment of Plaintiff, in which Dr. Dahdah opined

4

that Plaintiff would have more than five unscheduled absences per month due to her impairments, ALJ Hockensmith assigned

> [M]oderate weight . . . . to the extent that it supports limitation to light work with only occasional postural activities. More weight cannot be given because Dr. Dahdah again appears to have more restrictive limitations based on the claimant's reported seizure disorder. As discussed above, the record does not contain significant evidence of disabling seizures.

*Id.* ALJ Hockensmith also concluded that "[t]he evidence does not substantiate that . . . he would be absent from work five or more days per month." *Id.* (citing Doc. #7-8, PAGEID #905-07).

In the Report and Recommendations, the Magistrate Judge stated that, "[w]ith regard to Dr. Dahdah's first and second opinions, the ALJ properly weighed and provided a meaningful explanation for not relying on them[,]" Doc. #12, PAGEID #1583 (citing Doc. #9, PAGEID #1544-45), and that ALJ Hockensmith's lengthy, detailed opinion—read as a whole—sets forth good reasons as to: (a) why the third opinion of Dr. Dahdah was not entitled to controlling or deferential weight; and (b) why he assigned the opinion "moderate weight." *Id.* In so doing, the Magistrate Judge concluded, ALJ Hockensmith properly applied the treating physician rule, 20 C.F.R. § 404.1527(c), and his assessments of Dr. Dahdah's opinions were supported by substantial evidence. *Id.*, PAGEID #1584.

In her Objections, Plaintiff argues that ALJ Hockensmith erred in three ways in his assessment of Dr. Dahdah's opinion. First, he argues that ALJ Hockensmith failed to account for Dr. Dahdah's status as a specialist in cardiology, or for Dr. Dahdah's extensive treatment history with Plaintiff. Doc. #13, PAGEID #1588. Second, ALJ Hockensmith purportedly relied too much "upon the presence or absence of a seizure disorder. This was merely one of [ten] diagnoses listed by Dr. Dahdah." *Id.* (citing Doc. #7-8, PAGEID

5

#907).  Third, ALJ Hockensmith's mere statement that restrictions opined by Dr. Dahdah were incompatible with evidence of record, without more, is insufficient reasoning to discount a treating source opinion.  Id., PAGEID #1588-89 (citing Friend v. Comm'r of Soc. Sec., No. 09-3889, 375 F. App'x 543, 551-552 (6th Cir. 2010)).  Plaintiff's arguments are unavailing.  ALJ Hockensmith referred to Dr. Dahdah as Plaintiff's treating cardiologist, and his opinion shows that he considered Dr. Dahdah's treatment of Plaintiff, and evaluated it against other evidence of record.  Doc. #9, PAGEID #1538-46.  In so doing, ALJ Hockensmith properly applied the treating physician rule—lack of supportability and inconsistency with other evidence of record are valid reasons to discount a treating source opinion, regardless of specialty or treating history.  20 C.F.R. § 404.1527(c)(2-4).  Also, Plaintiff's argument that ALJ Hockensmith "over-relied" upon whether he has a seizure disorder is belied by ALJ Hockensmith's decision, which discussed many of the impairments opined by Dr. Dahdah.  Doc. #7-8, PAGEID #907; Doc. #9, PAGEID #1535-36.  Finally, ALJ Hockensmith went beyond a mere conclusory statement of incompatibility with medical evidence of record, and stated that the restrictions opined by Dr. Dahdah were inconsistent with Plaintiff's own statements about the severity of his impairments.  Doc. #9, PAGEID #1544-45.  In sum, ALJ Hockensmith's evaluation and assignment of weight to Dr. Dahdah's opinions was legally proper and supported by substantial evidence.

2. Plaintiff argues that ALJ Hockensmith committed reversible error by failing to build a logical bridge between his assignment of "moderate weight" to portions of Dr. Dahdah's October 2014 opinion and the residual functional capacity ("RFC") he assigned

6

to Plaintiff, in which ALJ Hockensmith concluded that Plaintiff was capable of light exertional work with numerous limitations. Doc. #13, PAGEID #1589 (citing *Hensley v. Astrue*, 573 F.3d 263 (6th Cir. 2009)); *see also* Doc. #7-8, PAGEID #905-07; Doc. #9, PAGEID #1538 (RFC formulation and Dr. Dahdah's October 2014 opinion). Yet, even if, as Plaintiff suggests, Dr. Dahdah's opined limitations are incompatible with the RFC determination, *id.*, the RFC would still be supported by substantial evidence. In determining Plaintiff's RFC, ALJ Hockensmith relied not only upon the October 2014 opinion of Dr. Dahdah, but also upon the opinions of Diane Manos, M.D., and Steve McKee, M.D., the Commissioner's record reviewing physicians, William O. Smith, M.D., the Commissioner's examining physician, and George O. Schulz, Ph.D., the Commissioner's examining psychologist. Doc. #9, PAGEID #1540, 1542, 1544. ALJ Hockensmith incorporated many of their opined limitations into the RFC, or explained how certain symptoms opined by those sources translated into limitations set forth in the RFC. *Id.*, PAGEID #1538. As Plaintiff's RFC determination was legally sound and supported by substantial evidence, it must be affirmed.

3. Finally, Plaintiff argues that ALJ Hockensmith's classification of Plaintiff's carpal tunnel syndrome and seizure disorder as non-severe impairments was not supported by substantial evidence. Doc. #13, PAGEID #1590. As to his carpal tunnel syndrome, Plaintiff concedes that ALJ Hockensmith "included a limitation to frequent handling and fingering to accommodate this condition[,]" *id.*, and Plaintiff does not claim these additional limitations were erroneous, much less that they prejudiced him. Moreover, ALJ Hockensmith stated that "[t]he record does not support a finding that" the

seizure disorder "cause[s] more than minimal work-related limitations when considered singly or in combination with the claimant's other impairments." Doc. #9, PAGEID #1536. As discussed above, that statement was well-supported by ALJ Hockensmith's analysis and subsequent evidence of record. *Id.*, PAGEID #1538-46. Thus, any failure to provide an express limitation in the RFC accounting for Plaintiff's seizure disorder was not in error.

WHEREFORE, based upon the aforesaid, this Court ADOPTS the Report and Recommendations of the Magistrate Judge, Doc. #12. Plaintiff's Objections to said judicial filing, Doc. #13, are OVERRULED. Judgment shall enter in favor of the Commissioner and against Plaintiff, affirming the Commissioner's decision that Plaintiff was not disabled.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

February 23, 2018

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT